In the Matter of Joyce JOHNSON, Debtor.

Bankruptcy No. 81–1193.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 30, 1981.

David S. Smith, Winter Haven, Fla., for debtor.

Jary C. Nixon, Tampa, Fla., trustee appointed.

## ORDER ON MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration is the plight of a frustrated Debtor who assumed that once a petition for relief was filed and the order for relief was entered, she was free from any further harassment by creditors and free from the oppressing pressures of the past. *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Albeit, this was not the case in this particular instance and no doubt will not be the case at times in the future, unless non-bankruptcy forums realize the full impact of an intervention of a bankruptcy proceeding and the extent and reach of the protection granted to debtors by the automatic stay imposed by § 362(a) of the Bankruptcy Code.

The facts germane to the matters under consideration are as follows:

On July 9, 1981, the Debtor, Joyce Johnson filed her voluntary petition in bankruptcy. On July 17, 1981, Gene Baxley (Baxley), the Debtor's ex-husband filed his Statement of Claim in Replevin in the Polk County Court and the Clerk of the Court prepared a notice of the claim in replevin directing the Sheriff to serve same upon the Debtor. It appears that a notice of claim was served by the Sheriff on the Debtor on July 20, 1981. Counsel for the Debtor promptly filed a notice of pendency of the bankruptcy in the replevin action and also furnished a notice of the pendency of the bankruptcy to Baxley. In addition, the debtor also filed an amendment to Schedule A–3 and listed Baxley as an unsecured creditor and it is without dispute that the bankruptcy notice was posted on the judgment and docket book in the County Court.

On August 5, 1981, the County Court scheduled a hearing in a replevin action for 10:00 a. m. It so appears that the § 341 meeting of creditors of the Debtor was also scheduled on the same date and at the same time. As a result of a hearing in the State Court which was held without the presence of the debtor or her attorney, the Court issued a writ of replevin which was served by the Sheriff on the Debtor on August 5, 1981. On August 7, 1981, the County Court issued an order to show cause ordering the Debtor to appear before the County Court for August 19, 1981, but this was continued on the Court's own motion and rescheduled for September 17, 1981.

It appears from the statement of counsel for the Debtor that the presiding judge in the County Court stated that in his opinion the pendency of the bankruptcy proceeding presents no obstacles to proceeding with the replevin action inasmuch as the automatic

stay does not apply to an "in rem" proceeding and it is equally inapplicable to an action which involves properties which were not scheduled by the Debtor. This latter statement was apparently based on the fact that according to the Schedules filed in this proceeding, the properties which were subject to the replevin action were not, in fact, scheduled by the Debtor.

■ Considering this latter proposition first, it is clear that what are "properties of the estate" is not a matter to be determined with reference to the schedules filed by the Debtor and whether or not an item of property was scheduled by the Debtor and without significance. Thus, the fact that an item was scheduled by the Debtor as part of his assets obviously does not necessarily mean that the particular item is property of the estate. By the same token, the fact that the Debtor did not schedule an item as a property does not mean the particular item is not in fact, "property of the estate." To accept this latter proposition would obviously compel one to accept the proposition that willful concealment or negligently omitted and non-scheduled properties are not properties of the estate. The absurdity of this proposition needs no extended discussion or support by citation of authorities.

■ It is equally evident that even a mere possessory interest is sufficient to invoke the protection of the automatic stay. Thus, lien holders or chattels which are properties of the estate may not, without leave of the bankruptcy court, declare a lease forfeited and recover the leased chattels with self-help or with non-bankruptcy judicial assistance without first applying and obtaining a relief from the automatic stay from the bankruptcy court where the case is pending. Section 362(a)(2) makes it clear that the petition operates as a stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case ..." From all this it follows that after the intervention of bankruptcy, what is and what is not property of the estate is not a matter to be determined by a non-bankruptcy forum and no one can litigate

this question in a non-bankruptcy forum without violating the automatic stay and without being found in contempt and punished accordingly, unless he first obtains relief from the automatic stay. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (1976), *reh. den., cert. den.*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). In addition, it is also well established that any action taken by a non-bankruptcy forum in violation of the automatic stay including judgments or decrees are legal nullities and have no force and effect. 2 *Collier on Bankruptcy*, ¶ 362.11, Note 2; *In re Cramer*, 7 B.R. 133, (Bkrtcy.D.Col. 1980).

This being the case, there is hardly any doubt that any action taken by the respondent was a violation of the automatic stay and any action taken by the non-bankruptcy forum is a legal nullity.

■ This leaves for consideration the question of contempt. The respondent is a layman and proceeded in the non-bankruptcy forum without aid of counsel; he appeared to have relied, although mistakenly, on the state court's clearly erroneous statements that the automatic stay does not apply to in rem actions or does not protect unscheduled properties. In light of this, the element of intentional willfulness is lacking and under these circumstances, a finding of contempt and a punishment for same would not be warranted at this time. cf. *Fidelity Mortgage Investors, supra*. This does not mean, however, that the respondent is free to pursue the Debtor either using self-help or through the use of judicial assistance without first obtaining a relief from the automatic stay. On the contrary, any further action taken against the Debtor or properties in the Debtor's possession and under her control would clearly be a contempt and would be dealt with accordingly. In order to assure that this will not occur, the respondent is ordered to move forthwith in the state court for the dismissal of the replevin action as a condition precedent to the dismissal of this contempt proceeding.

The Debtor also seeks the punishment of contempt against the presiding judge. This

part of her prayer for relief is without merit and cannot be granted for the simple reason that the prohibition imposed by § 362(a) against commencement or continuation of any actions against a debtor does not apply to a non-bankruptcy court and since there is no question that by virtue of § 28 U.S.C., 1481 this Court lacks jurisdiction to enjoin any other court, this Court equally lacks the power to punish a judge of another court for an alleged violation of the automatic stay.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt filed against Gene Baxley by the above-named Debtor be, and the same hereby is, denied provided the respondent, Gene Baxley procures a dismissal of the replevin action now pending in the Polk County Court against Joyce Johnson within 15 days from the date of entry of this order and further provided that .the respondent, Gene Baxley, tenders the property seized by the Sheriff to the Debtor or to the counsel for the Debtor within 15 days from the date of entry of this order. It is further

ORDERED, ADJUDGED AND DECREED that in the event Gene Baxley fails to comply with these provisions, this Court will reconsider the motion and enter an appropriate order. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt directed against County Judge Maloney be, and the same hereby is, dismissed with prejudice.