**In re C.C.L. CONSTRUCTION, INC., Debtor.**

**In re CHRISTIAN COMPANIES LTD., Debtor.**

**Bankruptcy Nos. 79 B 39022, 79 B 39021.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 12, 1983.

**694**

Pamela S. Hollis, Julian C. Campbell, Jr., Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., Michael K. Fawell, Wheaton, Ill., Paul Kalinich, Kalinich, McCluskey & Mehling, Glen Ellyn, Ill., for Howard.

Ronald R. Peterson, Joseph G. Gavin, Jenner & Block, Chicago, Ill., Michael P. Edgerton, Farrell, Edgerton & Hatfield, West Chicago, Ill., for Janatta.

William L. Needler, Chicago, Ill., for debtors.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter comes before the court on creditor Howard Concrete's motion, subsequently joined and adopted by Meadow Equipment Sales and Service, to declare certain orders of the Circuit Court of DuPage County void and in violation of the automatic stay of 11 U.S.C. 362. The court having carefully considered the pleadings and memoranda filed and being fully advised in the premises, makes the following findings.

## FINDINGS OF FACT

Christian Henning is the owner and designated officer of the debtors, C.C.L. Construction Company and Christian Company, Ltd. In July 1975, Henning entered into a joint venture agreement with the Janatta Development Company for the purpose of developing a thirty acre tract of land known as the Highland Lakes Property. Pursuant to this agreement, the beneficial interests in land trusts holding title to the Highland Lakes Property were assigned to the joint venture with Henning and Janatta each retaining fifty percent interest in the trusts.

On November 4, 1977 Henning made an assignment of his interest in the joint venture to Metrodyne, Inc. for $250,000 in cash. Janatta, as required by the joint venture agreement, consented to the assignment. Metrodyne's interest was properly recorded in DuPage County where the property was located.

On December 2, 1977 Henning attempted a second assignment of the same interest in

the joint venture to Christian Company, Ltd., a Henning owned company. Henning's other company, C.C.L. Construction Co. was at this time serving as the general contractor responsible for the construction of apartments and offices on the Highland Lakes property.

On June 28, 1978, the movant, Howard Concrete Company, entered into an agreement with the Henning owned C.C.L. Construction Co. to perform work on the Highland Lakes Property which, at least according to the agreement between the parties, was owned by Christian Co., Ltd. As a result of non-payment for work done under that contract, Howard on November 13, 1978 filed a claim for a mechanics' lien in the amount of $35,000 against the Highland Lakes Property. *See, Ill.Rev.Stat.,* 1979 ch. 82 par. 1 et seq.

On December 29, 1978 Janatta, Christian Company, Ltd., Metrodyne and Christian Henning entered into an amendment of the joint venture agreement. This amendment, although ambiguous, recognized that Metrodyne retained, on the basis of Henning's earlier assignment, a one-half interest in the joint-venture.

On October 2, 1979 both the general contractor, C.C.L. Construction and the alleged owner of the property, Christian Co., Ltd. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Christian Henning, the original partner with Janatta, owned 100% of C.C.L.'s stock which in turn owned 100% of Christian Co., Ltd. stock. The schedule of assets submitted with the petition listed Christian Co., Ltd. as having a 50% beneficial interest in land trusts holding the Highland Lakes Property. An involuntary petition under Chapter XI of the Bankruptcy Act had been filed against Christian Henning, individually, on August 10, 1979.

On October 19, 1979 the mortgagee of the Highland Lakes Property, American Heritage Savings and Loan, instituted a foreclosure action in the Circuit Court of DuPage County, Illinois. The case was captioned *American Heritage Savings and Loan v. Janatta,* No. 79–671. Among the many defendants named in the suit were Janatta, the owner of the property, C.C.L. and Christian Co., Ltd., the debtors in bankruptcy and Howard and Meadow, the subcontractors with mechanics' lien against the property. All parties were properly served with copies of the complaint.

On November 14, 1979 Howard having not answered the state court foreclosure complaint, filed a proof of claim for its mechanics' lien against the debtors in Bankruptcy Court. Howard's proof of claim was filed within the thirty day period in which Howard had to timely file an appearance and answer to the foreclosure complaint in state court.

On January 30, 1980 an adversary proceeding was instituted in bankruptcy court by the debtors C.C.L. and Christian Co., Ltd. against Janatta and Metrodyne seeking a turnover of the Highland Lakes Property as well as a temporary restraining order enjoining American Heritage from proceeding with the foreclosure in state court. *See, Christian Company, Ltd. v. Metrodyne, Inc.,* No. 80 A 111. On February 4 a hearing on the motion was held in front of Judge James. The record does not reflect whether Howard or Meadow were given notice of the hearing. However, the attorney for the Creditors' Committee was notified and present at the hearing. The debtor contended at the hearing that the foreclosure action which was underway in state court was in violation of the automatic stay because debtor possessed an interest in the property. Christian Henning testified as to his assignments to both Metrodyne and Christian Co., Ltd. At the conclusion of the hearing, Judge James dismissed the motion of the debtors refusing to enter either a temporary restraining order or a turnover order. In so doing, the court found that neither debtor had an interest in the Highland Lakes Property sufficient to stay the mortgage foreclosure in state court.

Thereafter, on May 24, 1980 Judge James entered orders converting C.C.L. and Christian Co., Ltd. cases to Chapter 7 liquidation proceedings and appointed a trustee for the

estates. Pursuant to the trustee's motion, the adversary complaint against Metrodyne was dismissed.

On May 18, 1982 the Circuit Court of DuPage County entered a default judgment against Howard in the foreclosure action for failure to answer the complaint. As a result, Howard lost its mechanics' lien against the Highland Lakes Property. Howard received no prior notice of Janatta's motion for default judgment prior to entry of the order by the Circuit Court and Howard did not move to vacate the default judgment until August 30, 1982. The Circuit Court denied Howard's motion to vacate the default judgment and in so doing, rejected Howard's contention that the proceeding was stayed by 11 U.S.C. Section 362 and that Howard reasonably relied on this stay in not answering the complaint. Meadow was similarly dismissed on a motion by Janatta. C.C.L. Construction, Christian Co., Ltd. and Henning also failed to appear or answer the foreclosure complaint and default judgments were entered against them.

In fact, Janatta was successful in obtaining judgments against all but four claimants in the state court foreclosure suit. Thereafter, Janatta entered into extensive negotiations and subsequently paid in excess of $100,000 to settle the remaining claims. To fund said settlements, Janatta obtained a second mortgage on the Highland Lakes property from American Heritage. In relation thereto and on request of the title company, Janatta on August 13, 1982 obtained a formal court order removing the property from the debtor's estates. On September 12, 1982 Howard again unsuccessfully attempted in the state court to vacate the default judgment.

## DISCUSSION AND CONCLUSION

Howard now seeks relief in this court asking that the Circuit Court actions and judgments be declared void and in violation of the automatic stay of Section 362 of the Bankruptcy Code. In order to make the determination of whether or not the automatic stay was in fact violated, it is necessary to determine whether or not the Highland Lakes property, held in various land trusts, was includable in either the Christian Co., Ltd. or the C.C.L. Construction Co. estates. The movant, Howard maintains that Christian Co., Ltd. was a 50% beneficial owner of land trusts holding title to the Highland Lakes property that were transferred to the joint venture by Christian Henning and that C.C.L. Construction retained an equitable interest in the trust property for (contracted) improvements made on the property. Janatta, on the other hand, contends that the property was never part of the estate since Christian Henning prior to his conveyance to Christian Co., Ltd. made an absolute assignment of his beneficial interest in the land trusts to Metrodyne. Janatta further asserts that C.C.L. Construction Co.'s interest, if any, lies not in the property itself but in the right to receive payment for improvements made on the land.

After a thorough examination of the pleadings and exhibits submitted by the parties, it is the determination of this court that the debtors Christian Co., Ltd. and C.C.L. Construction did not have an interest in the Highland Lakes property at the time the petition for bankruptcy was filed. Section 541(a)(1) of the Code provides, in relevant part, that the debtor's estate shall include all legal and equitable interest of the debtor in property as of the commencement of the case. The scope of the estate is unquestionably broad and includes any rights or interests the debtor may have in real property. When the debtors filed their petitions for bankruptcy, they possessed neither legal title to nor a beneficial interest in the Highland Lakes property. Christian Henning, the original owner of the beneficial interest of the land trusts holding the Highland Lakes property and the purported transferor of this interest to Christian Co., Ltd. had, prior to the attempted transfer to Christian Co. made an absolute assignment of his interest to Metrodyne for $250,000 cash.

The critical factor in this determination is the testimony heard by Judge James and

the conclusions drawn therefrom at the hearing on the debtor's adversary complaint in early 1980. In that proceeding, the debtors sought to enjoin the mortgagee from proceeding in the same foreclosure action which Howard now argues was in violation of the automatic stay. The threshold element which a party moving for a restraining order must initially prove is possession of a protectable property interest. Implicit in Judge James' refusal to enjoin the foreclosure action was a finding that the debtors possessed no interest in the Highland Lakes property. Had the debtors been able to demonstrate an interest in the property, the court would have taken steps to protect the debtors' as well as the creditors' interests and rights. In addition, the debtors' subsequent failure to answer the state court complaint and their acquiesence to an entry of default judgment against them is further proof that the debtors had no interest in the Highland Lakes property.

The instrument evidencing the assignment to Metrodyne expressly provides that the transfer was of Henning's entire interest in the joint venture agreement which consisted of his 50% beneficial interest in the land trust. Neither the restatement of the joint venture agreement, nor Henning's testimony establishes Howard's assertions that the assignment was only as collateral for security on a loan or that the assignment pertained only to a tract of land known as Phase I and not to the land which Howard performed work on. Finally, while Christian Henning did possess and attempt to exercise a repurchase option on the transferred interest, such a repurchase was never consummated.

Howard, in relying on Christian Co., Ltd.'s schedule of assets which listed a 50% beneficial interest in the Highland Lakes property and C.C.L.'s representation in its contract that Christian Co., Ltd. was the owner of said property, took the position that the automatic stay was in effect to protect its interest as against the state foreclosure action. Howard's position was not an unreasonable one to take but it was not a position which could be maintained with blind reliance. First, property scheduled by the debtor as part of its assets is not conclusive evidence that the property is includable in the debtors' estate and subject to the automatic stay. *Matter of Johnson*, 16 B.R. 193, 195 (Bkrtcy.M.D.Fla.1982). Secondly, Howard obtained a secured position by filing a mechanics' lien on the Highland Lakes property. To perfect said lien, Howard was required and did record it in DuPage County where the property was located. At the time Howard recorded its mechanics' lien, Henning's assignment to Metrodyne was completed and also duly recorded in DuPage County. Therefore, Howard had constructive notice of the transfer to Metrodyne.

However, even if the debtor had an interest in the property, the automatic stay could not be asserted to void the state court action. While the automatic stay was intended to prevent creditors from obtaining superior interests in property of the debtor to the detriment of other creditors, it was not designed to permit creditors named as defendants in a state court action to sit idly by and allow that action to proceed to completion without taking appropriate action to protect their interest. Howard should have either appeared in the state court action and answered the complaint or informed the state court of the pending bankruptcy.

Alternatively, Howard could have sought protection from the bankruptcy court through a motion for a restraining order. A mechanics' lien is a security interest which attaches to and runs with land. It does not restrict the alienability of the property. Where a creditor holds a mechanics' lien on property of a bankruptcy debtor and is named as a defendant in a foreclosure action on the property to insure that its lien is protected, the creditor must at a minimum, appear in the bankruptcy action to determine whether the debtor unbeknownst to the creditor has transferred the property or that the bankruptcy court has not released the property from the estate as is common when the debtor holds

title but no equitable interest in the property.

Howard, when served with a complaint in the state court foreclosure action, in reliance on the debtor's schedule of assets, filed a claim in bankruptcy court. Howard took no further action between November 14, 1979 and August 30, 1982 to protect its security interest despite the receipt of the state court complaint which was clear evidence that the state court action was indeed proceeding. If Howard had taken any of the aforementioned steps, it would have been cognizant of the fact that the debtor possessed no interest in the Highland Lakes property and it could have preserved its interest.

The court notes that it was the representations and actions taken by the debtor that induced Howard's reliance and coupled with Howard's inaction resulted in the loss of the security interest. Janatta, the party from whom Howard seeks redress was neither culpable or negligent in proceeding with an action which did not involve the estate of the debtor. The state court action resulted in a negotiated, court approved settlement of claims on the property and the refinancing of the property via a second mortgage. Principles of law and equity require that these orders remain intact and that the motion of Howard be denied. Howard, at best, is left with an unsecured claim against the debtor's estate.

WHEREFORE, IT IS HEREBY ORDERED that Howard's motion to declare certain orders void and in violation of the automatic stay is denied.