In re Romaine Victor BLOBAUM, Thayer True Value Hardware, Inc., Debtors.

Josephine BLOBAUM, Plaintiff,

v.

Romaine Victor BLOBAUM and Thayer True Value Hardware, Inc., Defendants.

Bankruptcy Nos. 82–0988–S–13, 83–0006–S–11.

Adv. Nos. 82–0792–S–13, 83–0005–S–11.

United States Bankruptcy Court, W.D. Missouri, S.D.

Dec. 2, 1983.

Gary A. Love, Springfield, Mo., for debtors.

Theodore Salveter, Springfield, Mo., for Josephine Blobaum.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this Chapter 13 case debtor scheduled his former wife as an unsecured creditor and proposed to pay her somewhat less than 20% of the amount claimed. Mrs. Blobaum objected to confirmation for various reasons, claiming she was secured and, therefore, improperly classified and alternatively that the plan did not propose to pay her as much as she would receive in liquidation. She also contended that her claim was maintenance and not dischargeable.

The trustee allowed Mrs. Blobaum's claim as secured. Debtor objected. Mrs. Blobaum then moved to dismiss or convert alleging that the debtor was concealing his assets and had filed the case in bad faith. The trustee filed a Motion to Dismiss for reasons similar to those urged by Mrs. Blobaum. Debtor responded to both motions denying the essential allegations.

Mrs. Blobaum had a judgment by decree of dissolution entered in the Circuit Court of Howell County, Missouri. In December of 1982 she attempted to enforce her judgment against assets of Thayer Tru-Value Hardware, Inc., a corporation wholly owned by debtor. In early January Thayer filed for relief under Chapter 11 of the Bankruptcy Act and filed a complaint for turnover. Defendants answered and Mrs. Blobaum alone filed a counterclaim for lift of the stay and for adequate protection. Debtor also sought contempt citations against the parties requesting and carrying out the judgment execution.

The issues raised by execution against Thayer were settled on an interim basis by releasing the execution without prejudice to the rights of any party. The other issues raised in these pleadings were tried. The parties appeared by counsel and in person. Evidence was heard and the matter taken under advisement pending receipt of briefs which have now been filed.

## I

█ The automatic stay attaches at the time of filing of the petition. It generally prohibits "the ... continuation, including ... the employment of process, of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the case under this title ..." Section 362(a)(1) of the Code, Title 11, U.S.C. The language of the stay is read broadly to protect the assets of the estate from indiscriminate attacks by creditors. *Matter of Johnson,* 16 B.R. 193 (Bkrtcy.MD Fla 1981); *In re Cruseturner,* 8 B.R. 581 (Bkrtcy.Utah 1981).

But the automatic stay does not apply to an act collecting "alimony, maintenance or support from property that is not property of the estate". Section 362(b)(2) of the Code. The execution was against Thayer Tru-Value, an entity not in bankruptcy. In addition, Mrs. Blobaum holds a judgment arising out of a dissolution action. She maintains that the judgment is maintenance. Debtor disputes that characterization. The award is not described expressly in the decree.

█ The automatic stay terminates if a request for relief from such stay is not ruled within thirty days after the request is filed. Section 362(c) of the Code. Here the request was filed May 14, 1982. While there are several exceptions contained in the statute and the stay may be reimposed, no exception applies here and no action was taken by this Court within the prescribed period. The stay, therefore, terminated by reason of the statute and the stay was not in effect as to Mrs. Blobaum at the time she obtained execution against the assets of Thayer Tru-Value. The motion for sanctions for contempt are DENIED. Motions to amend to add parties are DENIED AS MOOT.

## II

The other issue in this case concerns the status of Mrs. Blobaum as a creditor. She asserts that she is a secured creditor holding a special lien against the debtor. She also asserts that her claim is non-dischargeable under Section 1328(a)(2) and Section 523(a)(5) of the Code. Debtor disputes

these characterizations, schedules her as unsecured and proposes to compromise the claim at less than 20% of the amount claimed.

Mrs. Blobaum holds a pre-petition judgment arising out of the dissolution. That court awarded her a judgment for $79,427.65 "which shall constitute a lien against the property awarded petitioner". The award is not described otherwise. Debtor contends it is a property division and dischargeable and that the awarding of the special lien is of no effect.

■ A judgment of a Missouri Circuit Court is a lien against real estate. Section 511.350, R.S.Mo.1969. Mrs. Blobaum also argues that the divorce decree gives her a lien on all property set over to her husband, the debtor here. She contends that the power to divide contained in Section 452.330, R.S.Mo.1969, also gives the Court the authority to ensure enforcement of the division and the obligations flowing therefrom. There is language to that effect in some Missouri cases. *Claunch v. Claunch,* 525 S.W.2d 788 (Mo.App.1975) and *In re Marriage of Kueber,* 599 S.W.2d 259 (Mo.App. 1980) but each of those cases involved real estate against which the judgment entry creates a lien. Nothing in the statute, Section 452.330, creates a lien against personalty in the absence of execution and no case has been cited holding that such a result is possible. Both *In re Thomas,* 32 B.R. 11 (Bkrtcy.Oregon 1983) and *In re Boyd,* 31 B.R. 591 (D.C.Minn.1983) are distinguishable on their facts and not persuasive as statements of the law.

Except as to real estate owned by the debtor, therefore, Mrs. Blobaum's judgment is not a lien. She holds an unsecured claim. In a practical sense, however, this conclusion does not alter her right to be paid in full under the plan.

■ Section 1325(a)(4) of the Code provides that a plan may only be confirmed if—

"the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claims is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . ."

The day of valuation is the date of confirmation generally. *In re Fulcher,* 15 B.R. 446 (Bkrtcy.Kansas 1981), 5 Collier on Bankruptcy ¶ 1325.01[D](b)(i) (15th Ed.), but here time of hearing is more appropriate as the evidence is directed to that time period. Thus evidence of the value of the property at the time of dissolution, December of 1981, is of some utility but is not controlling.

At the time the dissolution was granted the value of property owned by the parties exceeded $175,000. The value of Thayer Tru-Value was given over to the debtor. The parties agree that the residence owned by debtor, also conveyed in the decree, has about $10,000 in equity. The business, on the other hand, is relatively free of debt, but its value is hotly contested. It is this value to which Mrs. Blobaum looks to collect her judgment.

Debtor contends that the store merchandise and fixtures are worth only $15,000 at auction. He contends that liquidation contemplates such a sale. But a liquidation in Chapter 7 may be conducted in any manner by which the estate benefits. The trustee may even operate the business. Section 704(7) of the Code. Here the most beneficial liquidation would be sale in the ordinary course of business, followed by price reductions and then an auction or some other sale in bulk. An auction at the outset would not be beneficial.

The evidence shows that debtor had been in the retail business, although not hardware, for many years. He paid $181,000 for the store and invested another $15,000 at the outset. Sales for 1981 were $442,165 and cost of goods sold $368,229. Debtor declared a loss of $26,431 for 1981 but paid himself a salary. In 1982 sales were $342,690 and cost of goods were $246,736. The business showed a small profit for 1982. The monthly reports for 1983 filed in the Thayer Tru-Value case shows gross sales in

excess of $360,000 (projected over the whole year) and the cost of merchandise running about $280,000 to $300,000 (projected over the whole year).

The various balance sheets and inventory reports reflect merchandise values at substantial discounts from retail. Debtor testified that a great deal of the merchandise was unsuitable for rural sale and about 50% is over one year old. The Court finds it difficult to believe that the store can show the sales volume reflected on only current merchandise. Some of the older merchandise has to be selling also. Debtor testified that he was marking up new merchandise at 40% over cost. That markup is not reflected in sales which suggest that the inventory is not merely replacing what is sold but is also expanding.

The income statement for October 31, 1981, showed an inventory of $309,124.71 as taken by Springfield Inventory Service, Inc., as discounted by 40% to $185,474. The balance sheet of December 31, 1981, showed inventory of $145,800.00 and liabilities of $36,991.12 which included a note for almost $12,000 with no indication of when it was due. The balance sheet of March 1, 1982, showed inventory at $147,490 and trade accounts payable at $40,324.24. The balance sheet of February 28, 1983, showed inventory at $129,657.08 and no trade accounts payable. While the balance sheets carry no such notation it is undoubtedly true, from the evidence and the documents in context, that the inventory values reflect a substantial discount. It is also interesting to note that the inventory is all paid for.

The evidence shows and the Court is persuaded that a carefully managed liquidation sale would bring a figure approximating the value of the inventory as carried on the balance sheets and as reflected in the various monthly reports. Thus the inventory in liquidation has a value in excess of $100,000. Debtor's stock represents 100% of the ownership of Thayer Tru-Value and is worth that value and more, since the Court makes no analysis of the store fixtures or of the going business.

Debtor has scheduled unsecured debt of approximately $83,500 all owed to Mrs. Blobaum and her attorney. He owes some secured debt but the collateral value exceeds the claim and is to be paid outside the plan. Liquidation, therefore, would result in Mrs. Blobaum and her attorney being paid in full. This plan does not propose to pay these claims in full and cannot be confirmed. Similarly it does not appear that debtor has cash available to make payments sufficient to pay the plan out within the five years allowed under the statute. Debtor is directed, therefore, TO SHOW CAUSE, in writing, on or before December 12, 1983, why this case should not be dismissed. Any such response must contain an income projection and amended plan showing payments sufficient to pay the claim. This analysis makes unnecessary the Court determining the nature of Mrs. Blobaum's claim as dischargeable or non-dischargeable.