**In re SEVILLE PARTNERS, Debtor.**

**Bankruptcy No. LF11–84–00994.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 12, 1984.

---

John H. Schwab, Jr., Bosshard, Sundet & Assoc., La Crosse, Wis., for Michael A. Jiracek.

Donald J. Harman, Donald J. Harman, Ltd., La Crosse, Wis., for debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS (1) FOR A HEARING ON THE MERITS AND (2) CONTINUING STAY IN EFFECT

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Michael A. Jeracek, by Bosshard & Associates, having filed a Request for Relief from Automatic Stay; and a hearing having been held; and Mr. Jiracek appearing by Attorney John H. Schwab, Jr.; and the Debtor making a special appearance by Attorney Donald J. Harman of Donald J. Harman, Ltd.; the Court, being fully advised in the premises, FINDS THAT:

1. On July 19, 1984, Creditor Michael A. Jiracek filed:

(a) a "Request for Relief from Automatic Stay, or, in the alternative, for Adequate Protection", see 11 U.S.C. sec. 362(d),

(b) a Notice of the Request and,

(c) an Affidavit of Service (by mail) of the Jiracek Request and Notice.

A copy of the Notice is attached to this Decision as Appendix A.

2. On August 20, 1984, the Debtor filed a written Request for a Hearing on Jiracek's Request.

3. On August 21, 1983, this Court noticed an August 29, 1984, preliminary hearing on the Jiracek Request.

4. The Debtor made a special appearance at the preliminary hearing on the ground that Jiracek's Notice was inadequate.

### Discussion

5. "A request for relief from an automatic stay provided by the Code ... shall be made in accordance with Rule 9014." Fed.R.Bankr.P. 4001(a).

6. "[R]elief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed.R. Bankr.P. 9014. See 11 U.S.C. sec. 102(1)(A) (notice means "such notice as is appropriate"), 56 Am.Jur.2d Motions, Rules, and Orders para. 10 (1971) ("party interested in resisting the relief sought by a motion has a right to notice sufficient to give him an opportunity to be heard").

7. Notice of Section 102(1)(B) Relief. Pursuant to 11 U.S.C. sec. 102(1)(B), this Court may grant a Section 362(d) request without a hearing if a hearing is not requested timely by a party in interest.

8. The second paragraph of Jiracek's Notice advises the Debtor that it "should" contact the Court prior to August 18, 1984, to request a hearing.

9. The Debtor's Monday, August 20, 1984, request for a hearing was in compliance with the Friday, August 17, 1984, deadline arguably set by Jiracek's Notice. See Fed.R.Bankr.P. 9006(f) (three days added to prescribed period when service of notice is by mail).

10. Thus, the Debtor is entitled to its hearing and the Court need not decide whether Jiracek's Notice was objectively adequate to inform the Debtor of the operation of Section 102(1)(B).

11. Notice of Section 362(e) Relief. Pursuant to 11 U.S.C. sec. 362(e), the automatic stay is terminated thirty days after a section 362(d) request is filed unless the court, after notice and a hearing, orders the stay to remain in effect.

12. Does the Jiracek Notice give reasonable, appropriate and sufficient notice of the Debtor's limited opportunity for a timely hearing?

13. At first blush, it does: The second paragraph of the Notice informs the Debtor that a hearing must be held on or before August 18, 1984.[1] And, less persuasively,

---

1. Assuming, without deciding, that Fed.R.

Bankr.P. 9006(f) (period which runs from ser-

the third paragraph implies that timely Debtor action is required to obtain a Court order continuing the stay.

■ 14. However, the Notice apparently informs the Debtor that it may obtain a timely hearing by contacting the Court on the last week day prior to the section 362(e) hearing deadline. *Compare* Paragraphs 8 & 9, *supra, with* Footnote 1, *supra.*

15. In extraordinary circumstances this Court will proceed to a hearing within one day of a request for a hearing. *See* 11 U.S.C. sec. 102(1)(A) (notice and hearing means notice and hearing appropriate in the particular circumstances). A routine request for a hearing on a motion for relief from stay is not an extraordinary circumstance.

16. Generally, in relief from stay matters, this Court requires 10 days after the filing of a request for a hearing to ensure that a timely preliminary hearing can be scheduled. (A model Notice incorporating a 10 to 15 day period is attached to this Decision as Appendix B.)

17. The Jiracek Notice does not give the Debtor reasonable, appropriate and sufficient notice of the need to request a hearing at least 10 days before the section 362(e) deadline.

18. The Debtor, apparently in reliance upon Jiracek's Notice, obtained a hearing after the section 362(e) deadline.

19. Jiracek may not profit from the Debtor's reliance. *See* 28 Am.Jur.2d *Estoppel and Waiver* sec. 68 (1966); *cf.* 17 Am.Jur.2d *Contracts* sec. 89 (1964) (promissory estoppel).

## CONCLUSIONS OF LAW

1. A hearing should be held to consider the merits of the Jiracek Request for Relief.

2. Jiracek has waived the operation of the section 362(e) preliminary hearing deadline. *See In re Wilmette Partners,* 34

vice extended three days if service is by mail) does not apply, the Section 362(e) deadline was Monday, August 20, 1984, that is, the first working day after 30 days after the date of filing.

B.R. 958, 961 (Bankr.N.D.Ill.1983) (section 362(e) may be waived).

## ORDERS

IT IS ORDERED THAT a preliminary hearing on the merits of the Michael A. Jiracek "Request for Relief from Automatic Stay, or, in the alternative, for Adequate Protection" be noticed by the Court on the September 26, 1984, La Crosse calendar.

IT IS FURTHER ORDERED THAT the 11 U.S.C. sec. 362(a) automatic stay be, and the same hereby is, IN EFFECT until further order of the Court.

## APPENDIX A

NOTICE OF REQUEST FOR RELIEF FROM STAY, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

TO:  DONALD J. HARMAN
   Attorney at Law
   P.O. Box 455
   La Crosse, WI 54601
   REGINALD A. GASSEN
   N3064 Miller Road
   La Crosse, WI 54601
   SEVILLE PARTNERS
   Attn: Reginald A. Gassen
   333 Buchner Place
   La Crosse, WI 54601

PLEASE TAKE NOTICE, that Michael A. Jiracek, holder of a secured claim herein, and a party in interest, has made a Request for Relief from Stay, or, in the Alternative, for Adequate Protection, pursuant to 11 U.S.C. § 362(d), a copy of which Request is attached hereto.

In the event you object to, or wish to contest said Request, you may do so by contacting the above-named Court and scheduling a hearing on the matter to be held on or before <u>August 18</u>, 1984. The

*See In re Blobaum,* 34 B.R. 962, 963 (Bankr.W. D.Mo.1983) (30 days after date of filing); Fed.R. Bankr.P. 9006(a) (period extended if last day is Saturday, Sunday or legal holiday).

hearing must be held on or before that date, therefore, to allow the court to schedule the hearing, you should contact the court prior to August 18, 1984.

The relief requested by Michael A. Jiracek shall be granted unless the Court, on or before August 18, 1984, orders the stay to remain in effect.

Dated this 18th day of July, 1984.

BOSSHARD & ASSOCIATES
BY: John H. Schwab,
John H. Schwab, Jr.
Suite 500—Allen Building
Post Office Box 966
La Crosse, WI 54602–0966
(608) 782–1469
Attorneys for Michael A. Jiracek

APPENDIX B

UNITED STATES
BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

In re: [debtor] Debtor.

Case Number: [case number]

NOTICE OF REQUEST FOR RELIEF
FROM STAY *

TO: [Debtor, Debtor's Attorney, Trustee, Other Parties with an Interest in the Property]

PLEASE TAKE NOTICE: [requesting party], by [his/her/its/their] attorney[s], [attorney or firm], has filed a Request for Relief from Stay in this case. 11 U.S.C. sec. 362(d). A copy of the Request is enclosed.

You may oppose the Request by filing a written "Objection to Request for Relief from Stay and Request for Hearing" with the Court on or before [give specific date— 15 to 20 ** days from the date of the filing of the notice]. If you do not file a timely Objection, the Request may be granted on or after [give specific date—at least one

day *** after the Objection date set in the preceding sentence]. 11 U.S.C. sec. 102(1)(B).

If you file an Objection, the Court will contact you regarding a preliminary hearing date. The Stay will terminate 30 days after the filing of the Request unless a hearing is held and the Court orders the stay to remain in effect. 11 U.S.C. sec. 362(e). Therefore, you should consult the Court on [give specific date—five days after the Objection date set in the preceding paragraph], if you have not been contacted regarding a preliminary hearing date.

Dated:

_____

Attorney for Requesting Party

---

* Requests for Relief from Stay are contested matters governed by Fed.R.Bankr.P. 9014. Fed.R. Bankr.P. 4001(a).

** 17 if notice is by mail. Fed.R.Bankr.P. 9006(f).

*** Four days if notice is by mail. Fed.R. Bankr.P. 9006(f).