**In re Curtis Albert CRAMER, Plaintiff,**

**v.**

**William Edward GROVER, Individually and as an officer, director and shareholder of Grover Wood Products Co., Debtor, and Matthew D. Skeen, Interim Trustee, Defendants.**

**Proceeding No. 80 M 1712.**

United States Bankruptcy Court, D. Colorado.

Nov. 20, 1980.

---

**10.** Motion of debtor for stay pending appeal, ʻ4.

John P. Frey, Fort Collins, Colo., for plaintiff.

David S. Power, Fort Collins, Colo., for debtor/defendant.

### FINDINGS, CONCLUSIONS AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER is before the Court upon a complaint seeking a judgment that the debt between the parties is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). In support of the averments in his complaint, the Plaintiff stands upon certain findings and conclusions made and entered in the District Court of Larimer County, Colorado. It is Plaintiff's theory that this Court is bound by those findings, and no further evidence is necessary to sustain his burden of proof in this Court.

The only evidence introduced in this Court consists of certified copies of minutes and the Findings of Fact, Conclusions of Law and Judgment from the state court. From that evidence it appears that both Curtis Albert Cramer (the Plaintiff here) and William Edward Grover (the Defendant here) were both defendants in the aforesaid state court action. It further appears that Cramer had filed a cross–complaint against Grover.

When the state complaint came on for trial at 10:00 A.M. July 7, 1980, Grover failed to appear, and a default was entered against him. Trial upon the complaint and cross–complaint proceeded in his absence, however.

In the meantime, at 12:30 P.M. on July 7, 1980, Grover filed a voluntary petition in this Court under Chapter 7 of the Bankruptcy Code. Immediately upon filing, the Clerk of this Court issued a notice of the automatic stay provided by 11 U.S.C. § 362 directed to Cramer, his counsel, and the Clerk of the District Court of Larimer County.

Even though notice was received by the State Court on the following day, the trial apparently continued on the cross–complaint. After the conclusion of the testimony, and based thereon, the formal findings and conclusions were entered by the state judge, *nunc pro tunc* as of the entry of the original default.

In the formal order, the Court determined Grover intentionally defrauded Cramer causing Cramer to give his personal guaranty for a note. The Court further found that the payee of the note called upon the guaranty, and ultimately obtained a judgment against Cramer upon the guaranty in the amount of $22,443.00. Upon these findings, the Court entered judgment against Grover in favor of Cramer in the amount of $22,443.00 "upon the grounds of fraud".

Cramer now takes the position that by virtue of the doctrine of collateral estoppel, he is entitled to judgment in this Court declaring the judgment debt excepted from discharge. Grover reports that the state court judgment was stayed by 11 U.S.C. § 362; therefore it is void and the findings of the state court were a nullity. I find myself in agreement with the Defendant's position.

We start with the clear language of § 362 which states, in pertinent part:

[A] petition filed under section 301, 302, or 303 of this title, operates as a stay, applicable to all entities, of—

(1) The * * * *continuation* * * * of a judicial * * * proceeding against the debtor that was * * * commenced before the commencement of a case under this title * * *. (emphasis added)

Clearly then, the continuation of the trial on Cramer's cross–claim was stayed from and after 12:30 P.M. on July 7, 1980. It is equally clear that the state court's attempt to avoid this stay by making its judgment revert to a time prior to 12:30 P.M. is invalid.

That judgment was based on evidence clearly adduced during the two days of trial in the state court. Hence the predicate for the judgment could only have occurred after continuation of the trial in violation of the stay.

Viewing the problem from a different perspective, it is clear that the state court could not have entered valid findings of fraud in the absence of evidence. Yet, the court was deprived of jurisdiction to take that evidence by the filing of the bankruptcy petition and the automatic imposition of the § 362 stay. Hence, the findings upon which Cramer now relies were made without jurisdiction and are consequently void. See: *Ben Gromet and Michael S. Myers v. Hawaii Mini–Storage Systems, Inc.*, 4 B.R. 489, 1 C.B.C.2d 616 (D.Hawaii 1980).

Since those findings are void, and since there is no other evidence before this Court, I have no choice but to grant judgment for the Defendant. Cramer has eschewed the chance to present his case here *de novo*, and stands upon his legal theory. Accordingly, it is

ORDERED that complaint of Curtis Albert Cramer be and it is hereby dismissed.