503 A.2d 1

**Leonard CHAPLISKI and Walter Folger t/d/b/a Ranshaw Transportation and Auto Wreckers Company, Appellees,**

v.

**CHURCHILL COAL CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued April 17, 1985.

Filed Dec. 27, 1985.

Christopher J. Foust, Milton, for appellant.

Before WICKERSHAM, BECK and CERCONE, JJ.

BECK, Judge:

Appellant, Churchill Coal Corporation, defendant below, appears before us seeking to vacate the order of the court

below. For the following reasons, we vacate that order and remand for further proceedings.

The facts and procedure of this case are long and involved and clearly set out in President Judge Krehel's opinion.

On 28 November 1977, Plaintiffs and Defendant entered into a Security Agreement to purchase certain equipment and real estate.

On 22 May 1980, Plaintiffs filed a Complaint against the Defendant averring that the Defendant violated the terms of the security agreement and that judgment be entered on Plaintiffs' behalf.

On 1 July 1980, the Defendant filed an Answer and the action was listed for trial for the next Civil Trial List on 14 October 1980.

The next occurrence was a Hearing that occurred on 18 June 1981. At that time Plaintiffs and Defendant entered into a Stipulation to which the Defendant agreed to pay One Hundred and Twenty-five Thousand ($125,-000.00) Dollars. The Defendant also agreed to pay six (6%) percent interest per annum. In return the Plaintiffs agreed to drop the Mortgage Foreclosure action. Defense Counsel at that time made no comment about a "Federal" matter which was pending at that time.

On 29 June 1981, the Defendant filed a Petition in Bankruptcy, under Chapter 11, in the United States Bankruptcy Court for the Southern District of New York. No notice of this proceeding was given to Plaintiffs, their Counsel, or this Court.

On 7 July 1981, this Court, by President Judge Peter Krehel, entered an Order nunc pro tunc to 29 June 1981, granting a Verdict against the Defendant and for the Plaintiffs authorizing judgment against the Defendant.

On 13 July 1981, the Plaintiffs, through their Counsel, praeciped to have and did have the Prothonotary enter the judgment in accordance with this Court's Order dated 7 July 1981.

On 28 January 1982, Plaintiffs filed an adversary proceeding seeking to lift the automatic stay provision of 11 U.S.C. § 362 in the Southern District of New York.

On or about 21 April 1982, Plaintiffs' adversary proceedings were dismissed with prejudice.

On 10 September 1982, the Honorable Edward J. Ryan of the United States Bankruptcy Court entered an Order directing the Plaintiff and the Defendant to settle and compromise. It also stated that "if the debtor fails to comply with the terms of the Order, the Plaintiff may institute in this court a new adversary proceeding under 11 U.S.C. § 362 to modify the stay of the foreclosure and other proceedings between the parties in the Court of Common Pleas of Northumberland County, Pennsylvania ..."

\* \* \* \* \* \*

On 17 February 1984, the Bankruptcy Proceedings filed in the Southern District of New York were dismissed without prejudice.

On 13 April 1984, Plaintiffs filed a Praecipe for Writ of Execution directed to the Sheriff of Northumberland County. The amount due was Eight Hundred and Nineteen Thousand ($819,000.00) Dollars and One Hundred and Twenty Thousand ($120,000.00) Dollars in Attorney's Fees for a total of Nine Hundred and Thirty-nine Thousand ($939,000.00) Dollars.

On 11 May 1984, the Defendant filed a Petition and Rule to Show Cause why the Writ of Execution filed to Ex. 84–31 should not be suspended and terminated.

\* \* \* \* \* \*

On 10 October 1984, this Court filed an Order dated 30 May 1984, stating that the pleadings were reviewed and that the Court Denied Defendants' Petition to Show Cause.

The issue is whether the Automatic Stay provision of the Bankruptcy Code, 11 U.S.C. § 362 barred the Court of Common Pleas from entering the retroactive order of July

7, 1981.  We reluctantly find that it did.  Since this issue is dispositive of the matter we do not address the other issue raised by appellant.

Section 362(a)(1) provides:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

Ordinarily, we would uphold the trial court's power to enter an Order retroactively (or as the trial court characterized it, *nunc pro tunc*) where the purpose of such an action is to avoid an injustice.  *See Fitzgerald v. Stewart*, 53 Pa. 343 (1866) ("... the court has the power, in order to do justice, to enter judgment at their discretion, as of a time when it ought to have been entered."  *Id.* at 347.)  Yet where such an order is in direct conflict with the plain meaning of the Bankruptcy Act's stay provision, it cannot be given effect.  "[I]t is also well established that any action taken by a non-bankruptcy forum in violation of the automatic stay *including judgments or decrees* are legal nullities and have no force and effect.  2 *Collier on Bankruptcy* Para. 362.11, Note 2; *In re Cramer*, 7 B.R. 133 (Bkrtcy.D.Col.1980)."  *Matter of Johnson*, 16 B.R. 193, 195 (Bankr.M.D.Fla.1981) (emphasis added).

The broad goal of the automatic stay provision is to protect debtors from harassment during reorganization and "to promote orderly administration of the estate."  Aaron, *Bankruptcy Law Fundamentals* 5–2 (1985).  "The import of [section 362(a)(1) ] is that all legal actions being taken or to be taken against the debtor are halted.  The section is inclusive.  Every proceeding of a judicial or quasi-judicial nature is affected."  *In re Jose DeLisi Fruit Co.*, 11 B.R.

694, 695 (Bankr.D.Minn.1981). "The automatic stay 'is extremely broad in scope and aside from the limited exceptions of subsection (b) should apply to almost any type of formal or informal action against the debtor or the property of that estate.' 2 *Collier on Bankruptcy*, Para. 362.04 (15th ed. 1982) (footnote omitted)." *In re Wallingford's Fruit House*, 30 B.R. 654, 659 (Bankr.D.Me.1983).

We conclude that the Order dated July 7, 1981 must be vacated as it was entered after the filing of appellant's petition in Bankruptcy. Since that action is concluded, however, the stay is now lifted and the matter may again be dealt with by the Court of Common Pleas. We therefore remand this case for further proceedings.

Order is vacated and case remanded. Jurisdiction is relinquished.