In re RANDALL ENTERPRISES, INC., Families Subs, Families Original Gourmet Sandwiches, and Randall Equipment Co., Debtor.

Robert W. BECKER and Janice J. Becker, Applicants for Removal,

v.

RANDALL ENTERPRISES, INC., Families Subs, Families Original Gourmet Sandwiches, and Randall Equipment Co., Respondent.

In the Civil Proceedings of: RANDALL ENTERPRISES, INC., Families Subs, Families Original Gourmet Sandwiches, and Randall Equipment Co., Plaintiff,

v.

Robert W. BECKER and Janice J. Becker, Defendants.

Bankruptcy No. 89–B–15305–C.
Adv. P. No. 90–A–0303.
Civ. No. 90–CV–1096.

United States Bankruptcy Court,
D. Colorado.

June 15, 1990.

Dean T. Ogawa, Colorado Springs, Colo., for Randall Enterprises, Inc.

Stephen H. Swift, Colorado Springs, Colo., for Robert W. and Janice J. Becker.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Application for Removal filed on March 16, 1990 by Defendants herein, Robert W. Becker and Janice J. Becker (the "Beckers"), and the Response in objection thereto filed on March 29, 1990 by Plaintiff/Respondent, Randall Enterprises, Inc. ("Randall"). A hearing regarding the matter was held on June 6, 1990.

The instant matter concerns a civil proceeding for injunctive and declaratory relief initiated on February 22, 1990 by Randall in the District Court for El Paso County, Colorado, with respect to certain covenants and agreements between the parties pursuant to a Franchise Agreement and Assignment of Franchise Agreement which pre-date both parties' petitions in bankruptcy ("State Court Action"). In conjunction with its complaint in the State Court Action, Randall also moved for a preliminary injunction. The Beckers opposed this motion as well as the underlying complaint on grounds including application of the automatic stay.

The Court has reviewed the pleadings of the parties and the documents submitted in conjunction therewith, and has heard the arguments of counsel on the automatic stay issue. Based thereon and being otherwise advised in the premises of this matter, the Court makes the following findings and conclusions.

### FINDINGS OF FACT

1. This matter is brought as an adversary proceeding pursuant to B.R. 7001 within Case No. 89–B–15305–C initiated by Randall's petition for relief under Chapter 11 of the Bankruptcy Code on or about November 18, 1989 in the United States Bankruptcy Court for the District of Colorado.

2. The Beckers are debtors in Chapter 7 Case No. 89–B–13012–E filed with this Court on September 25, 1989. Official notice of the Becker's Chapter 7 filing was mailed to those creditors and parties-in-interest noted in the Becker's Statement of Financial Affairs, including Randall, on December 28, 1989.

3. The subject matter of this proceeding involves an action for declaratory and injunctive relief initiated by Randall against the Beckers on February 22, 1990 in the District Court for El Paso County, Colorado (the "State Court Action"). The State Court Action concerns certain non-competition covenants and other agreements incident to the parties' pre-petition contractual relationship under a Franchise Agreement between Randall and the Becker's predecessor-in-interest, Sharon Kujanson, dated March 14, 1985, and an Assignment of Franchise Agreement dated May 12, 1986, executed by Kujanson, the Beckers and Randall.

4. The State Court Action was initiated by Randall during the pendency of the Becker's Chapter 7 case and subsequent to the filing of Randall's Chapter 11 Petition. Counsel for both debtors discussed the potential applicability of Section 362(a) prior to commencement of the action. Despite *both* parties' status as debtors under protection of the Bankruptcy Code, neither party applied to the Court for *any* determination concerning the application, enforcement, or modification of the automatic stay with respect to the claims or defenses ultimately asserted in the State Court Action.

5. With certain limited exceptions, the underlying proceeding in this matter is premised solely on a contractual dispute between the parties based on their respective rights and obligations under the Franchise Agreement and corresponding Assignment as governed by Colorado law.

6. It is unclear based on the facts before the Court whether the Franchise Agreement was at any time "terminated" by Randall in accordance with the contract's express provisions, or whether the Agreement was only effectively terminated or "abandoned" by the Beckers, for cause or otherwise. It nontheless appears undisputed that both Randall and the Beckers consider their pre-petition relationship as franchisor and franchisee under the Agreement to have ended.

7. The parties' allegations concerning *when* their contractual relationship ended are confusing at best. Both Randall's and the Beckers' representations on this point at hearing appear to be inconsistent with their own respective allegations within the pleadings in both this proceeding and in the State Court Action.

8. Randall's letter of February 3, 1990 to the Beckers clearly threatens suit for an injunction and damages (Exhibit C to Verified Complaint). In its Complaint, however, Randall asserts no claim for any monetary damages against the Beckers in the State Court Action. Randall contends that the action relates solely to post-petition conduct by the Beckers.

9. The Beckers' Answer to Randall's Complaint in the State Court Action contains repeated allegations concerning Randall's purported pre-petition breaches of the Franchise Agreement.

## DISCUSSION

The Court has jurisdiction in this proceeding as to both core matters arising in the parties' respective bankruptcy cases and as to non-core, related state law claims and issues raised in the State Court Action. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(b) and (c). *See also, In re Cooper*, 47 B.R. 842 (Bankr.W.D.Mo.1985) (actions seeking injunctive relief concerning non-competition covenants are generally related, non-core proceedings).

This proceeding arises in a unique posture. Both parties, not just the Plaintiff *or* the Defendants, are debtors under the protection of the Bankruptcy Code. Both appear to agree that their underlying pre-petition contractual relationship is effectively terminated, although they disagree about the causes and the consequences thereof.

Significantly, what is not at issue between the parties is that (1) both parties, each debtors in bankruptcy, are, generally, subject to and benefitted by the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362; (2) both parties dispute the validity, the force and effect, of their pre-petition Franchise Agreement, particularly during this post-petition period; and (3) the

covenant not to compete in the parties' Franchise Agreement is an integral feature of the parties' post-petition relationship and the administration of their respective bankruptcy estates.

## *Section 362*

The automatic stay under Section 362 of the Code operates as a stay of—

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case ..., or to recover a claim against the debtor that arose before the commencement of the case under this title;
> ....

11 U.S.C. § 362(a)(1).

The scope of the automatic stay is extremely broad. Aside from the limited exceptions expressly set forth in Section 362(b), the stay applies to most types of formal or informal actions against the debtor or the property of the estate. *See generally*, 2 Collier on Bankruptcy, ¶ 362.04 at 362–32 (15th ed. 1989).

The Court rejects Randall's contention that the automatic stay does not apply to the State Court Action based on *In re Peltz*, 55 B.R. 336 (Bankr.M.D.Fla.1985) and *In re P & P Oilfield Equipment, Inc.*, 71 B.R. 621 (Bankr.D.Colo.1987). Both cases are distinguishable from that at issue here.

Randall's apparent assumption that *In re P & P Oilfield* authorizes or compels would-be plaintiffs to bring what facially appear to be non-core, related state law claims in state court rather than in Bankruptcy Court if Section 1334(c) might apply ignores the obvious. Section 362 was simply not at issue in the case before Judge Brumbaugh. Furthermore, the prospect of potential abstention does not negate the import of Section 362(a). As noted by the Tenth Circuit,

> [A] decision to abstain affects the power of the court presiding over the bankruptcy only, and does not give any other

entity the power to resolve claims involving the debtor or the estate. Even where the court has abstained pursuant to § 1334(c), the stay granted under § 362 must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy.
*Pursifull v. Eakin,* 814 F.2d 1501, 1505 (10th Cir.1987).

Randall's reliance on *In re Peltz* is similarly misplaced. *In re Peltz* concerns only the second of the two disjunctive prohibitions under Section 362(a)(1), that concerning claims.[1] It does not address the stay of *any action,* "including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor *that was or could have been commenced before the commencement of the case ....*"

The terms of the Franchise Agreement, the Beckers' responsive pleadings in the State Court Action, and the transcript of Judge Parrish's ruling on Randall's motion for preliminary injunction indicate that a claim for declaratory relief concerning the enforceability of the non-competition covenants at issue did arise and was viable at a time antedating *both* parties' bankruptcy petitions. Claims for breach and/or default apparently existed on both sides. Randall's artificial focus on the Becker's post-petition conduct as the sole basis for the State Court Action elevates form over substance in order to impermissibly evade the broad and proper application of the automatic stay.

■ The Beckers' failure to affirmatively seek enforcement of the stay prior to defending the State Court Action does not justify—or more importantly validate— Randall's conduct. *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371 (10th Cir. 1990). Contrary to the position argued by counsel, *In re O'Danny Boy, Inc.,* 35 B.R.

955 (Bankr.S.D.Ohio 1983) does *not* excuse or condone violation of Section 362.

Curiously, neither Randall nor the Beckers have addressed the Beckers' failure to obtain relief from stay with respect to *their* assertions, claims, and defenses in the State Court Action based upon alleged breaches by Randall—pre-petition breaches vis-a-vis Randall's Chapter 11 petition. It would have been difficult for Randall to raise the issue in good faith after initiating the action, but, once again, this does not mean that the stay does not apply.

■ It would also be impossible for the parties to merely agree that Randall would not raise Section 362 in objection to the Beckers' defenses. Consensual agreements between parties concerning application of the automatic stay are permissible under the Bankruptcy Code, but *only* pursuant to the applicable rules and procedures and only as specifically authorized by Court Order after appropriate notice and opportunity for hearing. *See,* B.R. 4001. No such order was applied for or entered in this matter, notwithstanding the fact that *both* parties are debtors under the Code.

■ It is axiomatic that actions undertaken prior to a party obtaining relief from stay are *invalid, void and of no force and effect. See, Ellis v. Consolidated Diesel Elec. Corp., supra.* Such acts are not cured or validated by subsequently obtained relief from stay. *Id.* Accordingly, the removal petition at issue in this proceeding is moot, as the underlying State Court Action is void.

IT IS THEREFORE ORDERED that the above-captioned adversary proceeding is hereby DISMISSED, each party to bear its own costs.

---

1. Even in those cases where courts have authorized state court actions for injunctive relief to enforce non-competition covenants against debtors on the premise that pre-petition "claims" involving a right to payment were not involved, they did so only in response to motions for modification of the statutory prohibition of suits against debtors upon appropriate notice and opportunity for hearing. *See, e.g., In re Peltz, supra; In re Cooper, supra.* Cf. *In re Black,* 70 B.R. 645 (Bankr.D.Utah 1986).