**Patricia Darlene SWANSON, Appellant,**

v.

**Stephen A. GICK, M.D., and Gick Orthopedic Associates, Ltd., Appellees.**

**Nos. 75009, 75611.**

Supreme Court of Oklahoma.

Feb. 5, 1991.

Cooper, Walsh & Zorn by B.J. Cooper, Oklahoma City, for appellant.

Pierce, Couch, Hendrickson, Johnston & Baysinger by Calvin W. Hendrickson, Inona Jane Harness and Linda P. Brown, Oklahoma City, for appellees.

HODGES, Justice.

This appeal challenges the trial court's dismissal of an action filed in Oklahoma County District Court by Patricia Darlene Swanson (plaintiff) against Stephen A. Gick, M.D. and Gick Orthopedic Associates, LTD (defendants). Two appeals, each challenging the dismissal of the action against one of the defendants, have been consolidated for review.

Plaintiff filed the medical malpractice action on April 19, 1984, but dismissed it about one month later. The action was refiled on May 17, 1985, pursuant to Oklahoma's saving statute. *See* Okla.Stat. tit. 12, § 100 (1981). Because of inactivity for more than two years, the case was placed on the annual disposition docket. Publication notice of the docket was given as provided by the Rules of the Seventh Judicial District. The case was dismissed for lack of diligent prosecution on October 29, 1987.

Nearly two years passed before plaintiff realized the case had been dismissed. She moved to vacate the decree of dismissal as to the corporate defendant on October 25, 1989, and moved to vacate the decree as to the individual doctor on February 9, 1990. Both motions were overruled and plaintiff appealed.

The statutory authority for the dismissal of plaintiff's action is found in the following provision:

> Any action which is not at issue and in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

Okla.Stat. tit. 12, § 1083 (1981). This authority is reflected in Rule 9(b) of the Rules for District Courts which requires:

> Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been

taken for a year as provided in 12 O.S. 1981 § 1083.

Okla.Stat. tit. 12, ch. 2, app. (1981). The provision establishing a disposition docket and its notice requirements is Rule 23 of the Rules of the Seventh Judicial District which provides:

> Each division of the Court shall hold a disposition docket at 1:30 P.M. on the last Thursday in October of each case that has been on file for two (2) years or more and with no activity within one year. All civil, domestic, and small claims cases shall be included on said docket.

> Notice of said docket, listing the cases thereon, shall be published in The Journal Record for Oklahoma County continuously for a period of two weeks prior to the date of said disposition docket.

> In addition, notice of said docket shall be published continuously in the Oklahoma Bar Journal for a period of four (4) weeks prior to said disposition docket.

Plaintiff challenges the constitutional sufficiency of this notice provision under the due process clauses of the United States and Oklahoma Constitutions.

Plaintiff argues that more than mere publication notice of the disposition docket is constitutionally required. Defendants counter saying "[t]he necessity of judicial efficiency and economy justify the use of such a procedure."

The United States Supreme Court prescribed standards for notice in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). There, a bank petitioned a New York court to settle accounts in a common trust fund. The bank gave notice to trust beneficiaries by newspaper publication. This was the only notice required under New York law and the only notice given.

The Court began its due process analysis by stating:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Id.* at 314, 70 S.Ct. at 657 (citations omitted). The Court went on to hold that publication notice was sufficient only to those trust beneficiaries "whose interests or whereabouts could not with due diligence be ascertained." *Id.* at 317, 70 S.Ct. at 659. But as to those beneficiaries of known place of residence, the Court held: "where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." *Id.* at 318, 70 S.Ct. at 659. Thus, known beneficiaries with known addresses were entitled to personal service or at least service by ordinary mail. *Id.*

The Oklahoma Constitution, article 2, section 7, also requires due process in providing notice. *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okla.1968), challenged the validity of a quiet-title decision rendered after only publication notice was given to the defendants. The *Bomford* Court concluded that the record did not "establish that there were sources at hand from which the whereabouts or post-office addresses of the absent defendants could have been ascertained." *Id.* at 720. Had these sources been readily available, however, the result would have been different. The Court noted:

> The requirements of due process contemplate that, where feasible, notice of legal proceedings be given by means reasonably calculated to inform all parties having legal rights which might be directly and adversely affected thereby, and where the names and addresses of adverse parties are known or are easily ascertainable, notice of pending proceedings by publication service, alone, is not sufficient to satisfy the requirements of due process under the 14th Amendment to the Federal Constitution or Art. 2, Sec. 7 of the Oklahoma Constitution.

*Id.* at 715. (Syllabus by the Court No. 3). Thus, publication notice is insufficient un-

der both constitutions when the name and address of a party or attorney is readily available.

For this reason, the notice provision of Rule 23 of the Rules of the Seventh Judicial District is fatally flawed. It makes publication the sole notice standard for the disposition docket. While section 1083 of title 12 merely provides that dismissal must follow "notice to the parties or their attorney of record," due process considerations mandate more than publication notice when the address of a party or an attorney of record may be readily obtained.

Rule 10 of the Rules of the Seventh Judicial District requires that "[t]he name, bar number, address and phone numbers of the attorney or person filing [a] pleading shall be shown on the last page of said instrument." In this particular matter, the name of plaintiff's attorney of record was typed on the dismissal order. With such information at hand, more than mere publication notice was constitutionally required. The need for judicial efficiency cannot justify an infringement upon due process.

Defendants urge that plaintiff's attorney was under a duty to find notice of the case among the nine full newspaper pages required to publish the disposition docket. But as the *Mullane* Court observed, "[t]he statutory notice ... is inadequate not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand." 339 U.S. at 319, 70 S.Ct. at 660. Under the circumstances of this case, where the name and address of plaintiff's attorney of record was easily obtainable, publication notice was constitutionally inadequate.

In giving notice of the disposition docket "[m]ail service can be utilized as an inexpensive and efficient mechanism to enhance the reliability of the otherwise unreliable procedure of notice by publication." *Cate v. Archon Oil Co.*, 695 P.2d 1352, 1356 (Okla.1985) (footnote omitted). A district court can simply mail a letter or postcard to the attorneys or pro se parties listed on the pleadings. This procedure

will satisfy the constitutional requirement of notice reasonably calculated to apprise the parties that their case is being placed on the disposition docket.

Because plaintiff's action was dismissed without adequate notice of the disposition docket, we need not address plaintiff's other assignments of error. Plaintiff's motions to vacate the decree of dismissal should have been granted. The trial court is instructed to reinstate this case to the docket of the District Court of Oklahoma County.

TRIAL COURT'S OVERRULING OF MOTIONS TO VACATE DECREE OF DISMISSAL REVERSED, CAUSE REMANDED WITH INSTRUCTIONS.

All the JUSTICES concur.