George BAILEY, as trustee for David Lynn Crabtree; George Bailey, as trustee for Catherine Diane Crabtree, F. Dale Crabtree, and Linda A. Crabtree, Plaintiffs/Appellees,

v.

Myers CAMPBELL; William G. Bernhardt, Paul Hudiburg, E.S. Beaver, Jim D. Kutch, Anthony Thomas, Clovis Davis, and Charles D. Morrison, Defendants,

American Casualty Company of Reading, Pennsylvania, Garnishee/Appellant,

Kenneth Spears, Trustee of the bankruptcy estate of Charles D. Morrison, Appellant.

Nos. 74859, 74860.

Supreme Court of Oklahoma.

July 2, 1991.

Order on Rehearing March 31, 1992.

John B. Hayes, Suzanne E. Broadbent, Oklahoma City, for garnishee-appellant, American Cas. Co. of Reading, Pa.

Kenneth L. Spears, Oklahoma City, for appellant, Trustee of the Bankruptcy Estate of Charles D. Morrison.

Sally Gilbert, Tom L. King, Oklahoma City, for plaintiffs-appellees.

KAUGER, Justice.

We are presented with three issues necessary to the resolution of this appeal: 1) whether failure to raise capacity to sue in response to a combined petition and motion to vacate a default judgment constitutes a waiver of the right to contest capacity; 2) whether judicial proceedings undertaken in violation of an automatic stay in bankruptcy are a nullity; and 3) whether a default judgment entered without notice to the defaulting party is invalid if the name and address of the party or the party's attorney may be easily obtained. We find that: 1) failure to raise the issue of capacity to sue in response to a combined petition and motion to vacate a default judgment constitutes a waiver of the right to contest capacity; 2) judicial proceedings undertaken in violation of an automatic stay in bankruptcy are of no effect; and 3) under the facts presented, a default judgment entered without notice to the defaulting party is invalid if a responsive pleading appears in the record.

## FACTS

On May 9 (Campbell litigation/suit) and May 15, 1986 (Bailey litigation/suit/instant cause), respectively, two lawsuits were filed against Charles D. Morrison (Morrison) in connection with his tenure as a director and officer of American National Bank of Midwest City (American National). In both suits Morrison was charged with negligence and breach of fiduciary duty in adopting an Interest Rate Risk Manage-

ment Plan (Plan) for American National. As a result of losses associated with implementation of the Plan and other loan practices, American National's common stock became worthless. The instant appeal arises from the Bailey suit filed on May 15 in which the appellee, George Bailey (Bailey), sought to recover $1,233,999.98 in actual damages resulting from the devaluation of the bank stock.

When the dual suits were filed, Morrison was suffering from emotional stress related to his own financial difficulties, and he lacked funds to hire legal counsel. He mentioned his plight to a business associate and attorney who was also a co-defendant in the Campbell litigation, Andrew J. Haswell (Haswell). Haswell had plans to leave the country, but he assured Morrison that one of his associates would file an answer in the instant cause on Morrison's behalf. Morrison informed Haswell that American National carried an officers' and directors' insurance policy. Haswell aided Morrison in drafting a letter dated July 1, 1986, which informed American National of the suits and requested indemnification from the bank or through its insurer.

On July 23, 1986, an answer was filed in the Bailey suit. The answer was correctly numbered, but it contained the style of the Campbell litigation. The body of the answer conforms to the petition filed in the instant cause. It contains a denial of the complaint's allegations related to Morrison's alleged negligence and breach of fiduciary duty.[1] On September 17, 1986, without notice to Morrison, the associate who filed the answer in the Bailey suit orally requested an order nunc pro tunc in the Campbell litigation. The movant asked that: 1) the numbers on Morrison's and Haswell's answers be changed to conform to the number assigned to the Campbell litigation; 2) the answers be removed from the Bailey litigation file and recorded on the appearance docket in the Campbell litigation; and 3) the court clerk be directed to delete any reference to the filing of the answers from the appearance docket in the Bailey litigation. The order issued, but the court clerk did not remove Morrison's answer from the file in the instant cause and did not strike its filing from the appearance docket.

Morrison did not learn that the order nunc pro tunc had issued until October 13 or 14, 1986, when he was called by a representative of the appellant, American Casualty, Company of Reading, Pennsylvania (American Casualty/insurer). The representative told Morrison that Bailey's attorney had informed him of the order nunc pro tunc and that a default judgment would be sought unless Morrison either filed another answer or sought an extension. Morrison contacted Haswell and requested that he secure an extension. Haswell attempted to reach Bailey's attorney on either October 13th or 14th, and again on October 15th. On both occasions, he left messages requesting a return call. Haswell did not reach Bailey's counsel until October 16th, when he was informed that a default judg-

---

1. The petition provides in pertinent part:

"... 5. The Directors and Officers were guilty of misconduct, mismanagement, negligence and breach of fiduciary duty, in adopting, administering, supervising and carrying out said Plan [Interest Rate Risk Management Process Plan]. Such a Plan was impractical, unsuitable, inappropriate, imprudent and unjustified for a bank of the size and character of Plaintiff. The Directors and Officers did not have the background, training or expertise to manage and conduct such a strategy. The Directors and Officers did not properly investigate the Plan or its possible effects before adopting the Plan. The Directors and Officers did not prudently or properly supervise or carry out the Plan.

6. As a direct and proximate cause of the aforesaid acts of the Directors and Officers, the Plan resulted in a loss to the Bank of One Million, Thirty–Three Thousand, Seven Hundred, Fifty–Five and 00/100 dollars ($1,033,-755.00), which loss occurred between June, 1984 and December, 1984 ..."

The answer provides in pertinent part:

"... 4. This defendant denies the allegations contained in paragraphs 5 and 6..."

Title 12 O.S.Supp.1987 § 2008(B) provides in pertinent part:

"... A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this statement has the effect of a denial. Denials shall fairly meet the substance of the averments denied ..."

ment in the amount of $1,223,999.98 had been entered against Morrison the previous day. The motion for default judgment was presented orally, and no notice of the default proceedings was given.

On October 24, 1986, Morrison filed a bankruptcy petition. The appellant, Kenneth Spears (Spears/trustee), was appointed trustee of Morrison's bankruptcy estate. The filing of the petition in bankruptcy gave Morrison the protection of an automatic stay.[2] On November 14, 1986, without giving notice to Spears, Morrison filed a motion to vacate the default judgment. After a consideration of the pleadings and argument of counsel, Morrison's motion to vacate the default judgment was overruled on January 9, 1987. On February 9, Morrison filed an appeal alleging that: 1) failure to vacate the default judgment was an abuse of discretion, and 2) overruling the motion to vacate the default judgment was contrary to statutory and case law. The judgment was not superseded. Relying on 12 O.S. 1981 § 1033,[3] the Court of Appeals affirmed the denial of the motion to vacate the default judgment on July 14, 1988, on the basis that the petition was not verified by affidavit or supported by evidence.

On February 3, 1987, Bailey filed a garnishment action against American Casualty in an attempt to garnish the directors' and officers' liability policy. On February 17, American Casualty filed a motion to quash, objection to jurisdiction, and motion to dismiss. The combined motions alleged that service was improper, that the garnishment action was filed prematurely, and that the existence of an automatic stay in bankruptcy left the trial court without jurisdiction to proceed. On March 13, the trial court sustained American Casualty's motions on the basis that service was improper and that the existence of an automatic stay prevented Bailey from pursuing the garnishment action.

On May 20, 1987, Morrison's debts were discharged in bankruptcy. On September 21, 1987, after the bankruptcy court lifted the automatic stay, Spears, as trustee for Morrison's bankruptcy estate, filed a combined petition and motion to vacate the default judgment. Citing 12 O.S. 1981 § 1031,[4] Spears alleged that: 1) there was

**2.** Title 11 U.S.C. § 362 (1978) provides in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ..."

Section 362 was amended effective November 5, 1990. However, the quoted portion of the statute remains unchanged except to the extent that applications filed under § 5(a)(3) of the Securities Investor Protection Act of 1970 are also identified as being entitled to the protection of the automatic stay.

**3.** Title 12 O.S.1981 § 1033 provides in pertinent part:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision ... seven ... of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and

the defense to the action, if the party applying was the defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

**4.** Title 12 O.S.1981 § 1031 provides in pertinent part:

"The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

... Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order

...

Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending ..."

Title 12 O.S.1981 § 1038 provides:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of Section 5267 [§ 1031] must be commenced within two (2) years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within two (2) years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three (3) years,

a mistake, neglect or omission of the clerk or an irregularity in obtaining the default judgment; 2) Bailey practiced fraud in obtaining the default judgment; 3) Morrison was not in default when the judgment was entered; 4) Morrison was prevented from defending because of unavoidable casualty or misfortune; 5) entering a default judgment without notice to Morrison on an oral motion violated Rule 10 of the Rules of the District Courts [5] and Rule 37 of the Seventh Judicial District; [6] and 5) insufficient evidence was presented to justify a $1,233,-999.98 judgment. Noting the same irregularities, American Casualty filed a petition and motion to vacate the default judgment on March 10, 1988. Relying on the Court of Appeals' decision affirming its decision to deny Morrison's motion to vacate the default judgment, the trial court denied Spears' and American Casualty's combined petitions and motions to vacate the default judgment. Both Spears and American Casualty filed separate petitions in error seeking review of the trial court's ruling. The causes have been consolidated for our review. Bailey filed motions to dismiss simultaneously with his response to Spears' and American Casualty's petitions in error. In the motions, Bailey presents two issues: 1) the capacity of Spears to maintain the appeal; and 2) preclusion of a second appeal either through the doctrine of res judicata or collateral estoppel. We begin our analysis with issues raised by the motion to dismiss.

## I

## FAILURE TO RAISE THE ISSUE OF CAPACITY TO SUE IN RESPONSE TO A COMBINED PETITION AND MOTION TO VACATE A DEFAULT JUDGMENT CONSTITUTES A WAIVER OF THE RIGHT TO CONTEST CAPACITY.

■ Because Morrison's discharge in bankruptcy places him beyond the reach of legal process in the instant cause, Bailey asserts that Spears, the trustee of the bankruptcy estate, lacks capacity to sue as an aggrieved party.[7] Spears argues in the alternative—either that as trustee for the

---

and in subdivision nine, within one (1) year after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Section 1038 was amended effective January 1, 1991. However, the changes were cosmetic, and the statute remains substantially similar to its 1981 counterpart.

5. Rule 10, Rules for the District Courts, 12 O.S. 1981 Ch. 2, App., provides in pertinent part:

"In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither.

Notice of taking default is not required where the defaulting party has not made an appearance ..."

6. Rule 37, Seventh Judicial District (1987), provides in pertinent part:

"... In all matters in default in which an appearance has been made by the defaulting party or by an attorney, or a pleading filed, default judgment shall not be taken until a motion therefor has been filed in the case and not less than five (5) days' written notice of the time and place of the hearing thereof be given to the party in default or his attorney by delivery or mailing, which fact of service shall be certified to on said motion. If the address of the party or attorney is unknown and a supporting affidavit to that effect is filed, then the motion may be heard and default judgment rendered after the same has been regularly set on the motion or demurrer docket...."

Rule 16, Seventh Judicial District (1991), now covers default judgments. However, the Rule continues to be virtually identical to its 1987 counterpart.

7. Bailey does not contest the capacity of American Casualty as a party to the cause. *Crawford v. Gipson,* 642 P.2d 248, 250 (Okla.1982) (Liability insurer of defendant not a party to injured party's action who would be injuriously affected

bankruptcy estate, he is an aggrieved party; or that Bailey waived any objection to capacity by not raising the issue before the trial court. Because we find that Bailey's failure to present the issue of capacity in response to Spears' petition and motion to vacate the default judgment waived the defense, we need not address the status of a trustee in bankruptcy once the bankrupt has been discharged.[8]

We have long recognized that failure to raise the issue of capacity before the trial court constitutes a waiver of the affirmative defense.[9] This premise is recognized in the Oklahoma Pleading Code, 12 O.S.Supp.1985 § 2001 et seq. Section 2009 [10] provides that it is not necessary to aver the capacity of a party to sue or be sued. However, it does require that when a party desires to raise the issue it must be done by negative averment. Section 2012 [11] provides that the claim of lack of capacity of a party to sue may be made in a

pleading or order permitted by § 2007.[12] In his response to Spears' and American Casualty's petitions and motions to vacate the default judgment, Bailey raised two defenses—res judicata/collateral estoppel and insufficiency of the pleadings. Failure to present the issue of capacity to the trial court constituted a waiver of the right to contest Spears' capacity as a party.[13]

## II

### JUDICIAL PROCEEDINGS UNDERTAKEN IN VIOLATION OF AN AUTOMATIC STAY IN BANKRUPTCY ARE OF NO EFFECT.

Bailey contends that Morrison's appeal of the denial of his motion to vacate the default judgment bars a second appeal by Spears and American Casualty. Spears and American Casualty assert that Morrison's action in seeking vacation of the default judgment and his subsequent appeal

---

by judgment against insured could be heard on petition to set aside default judgment.).

**8.** We do note that a trustee in bankruptcy is not an agent of the debtor, but does serve as a representative of the bankruptcy estate. *In re: Obie Elie Wrecking Co.,* 35 B.R. 114 (N.D. Ohio 1983); 1B *Moore's Federal Practice* 677, Para. 0.419 [3.–6] (1991). 11 U.S.C. § 323 (1978) provides:
 "(a) The trustee in a case under this title is the representative of the estate.
 (b) The trustee in a case under this title has capacity to sue and be sued."
 But see, *In re: Falk v. Hecker,* 88 B.R. 957 (Minn.1988) [Although noting that its finding was not supported by existing case law, the bankruptcy court found that the trustee in bankruptcy and the debtor were in privity.]

**9.** *Roger Givens, Inc. v. Mustex, Inc.,* 410 P.2d 42, 44 (Okla.1966); *Bryan v. Hough,* 365 P.2d 124, 128 (Okla.1961); *Gibbons v. Foster,* 296 P.2d 133, 137 (Okla.1956).

**10.** Title 12 O.S.Supp.1987 § 2009 provides in pertinent part:
 "A. CAPACITY. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by negative averment, which shall include such supporting particulars as are peculiarly with-

in the pleader's knowledge, and he shall have the burden of proof on that issue...."

**11.** Title 12 O.S.Supp.1984 § 2012 provides in pertinent part:
 "... F. WAIVER OR PRESERVATION OF CERTAIN DEFENSES....
 2. A defense of failure to join a party indispensable under Section 19 of this act may be made in any pleading permitted or ordered under subsection A of Section 7 of this act [§ 2007] or at the trial on the merits. A defense of another action pending between the same parties for the same claim or a defense of lack of capacity of a party to sue may be made in any pleading permitted or ordered pursuant to the provisions of subsection A of Section 7 of this act or at the pretrial conference...."

**12.** Title 12 O.S.Supp.1984 § 2007 provides in pertinent part:
 "... B. MOTIONS AND OTHER PAPERS.
 1. An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion ...."

**13.** *Roger Givens, Inc. v. Mustex, Inc.,* see note 9, supra; *Bryan v. Hough,* see note 9, supra; *Gibbons v. Foster,* see note 9, supra. See also, 12 O.S.Supp.1984 § 2007, note 12, supra; 12 O.S.Supp.1987 § 2009, note 10, supra; 12 O.S.Supp.1984 § 2012, note 11, supra.

have no binding effect. They base their argument on the premise that judicial proceedings undertaken in violation of an automatic stay [14] in bankruptcy are of no effect.

■ Issuance of an automatic stay in bankruptcy is authorized by 11 U.S.C. § 362 (1978).[15] Filing a petition in bankruptcy operates as a stay applicable to all entities of the commencement or continuation of judicial proceedings against the debtor. The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.[16] Although Spears and American Casualty present the issue of what efficacy Oklahoma courts given the operation of an automatic stay as one of first impression, we have previously

determined that: 1) judicial proceedings instituted against a debtor in bankruptcy to foreclose a lien are "entirely ineffective;" [17] 2) failure to give notice to a trustee in bankruptcy of foreclosure proceedings against a debtor renders the judgment "void" as against the trustee and those claiming under him/her; [18] and 3) a valid judgment cannot be rendered against a party while it stands protected by an automatic bankruptcy stay.[19] Oklahoma precedents align us with the weight of authority recognizing that judicial proceedings undertaken in violation of an automatic stay are ineffective.[20]

■ The stay has two primary purposes—to give the debtor a breathing spell

14. Title 11 U.S.C. § 362 (1978), see note 2, supra.

15. Id.

16. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3rd Cir.1982); *In re Lampkin*, 116 B.R. 450 (D.Md.1990); *In re: White Motor Credit Corp.*, 37 B.R. 631 (N.D. Ohio 1984), *aff'd*, 761 F.2d 270 (6th Cir.1985); [1978] U.S. Code Cong. & Ad. News 5787, 5963, 6296–97.

17. *Reeves v. Jenkins*, 439 P.2d 941, 945 (Okla.1968).

18. *Viersen v. Boettcher*, 387 P.2d 133, 137 (Okla.1963).

19. *Culie v. Arnett*, 765 P.2d 1203, 1207 (Okla.1988).

20. *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371–72 (10th Cir.1990); *In re Shamblin*, 890 F.2d 123, 125 (9th Cir.1989); *Globe Constr. Co. v. Oklahoma City Housing Auth.*, 571 F.2d 1140, 1144 (10th Cir.), *cert. denied*, 439 U.S. 835, 99 S.Ct. 117, 58 L.Ed.2d 131 (1978) (Judgments entered after institution of bankruptcy proceedings vacated and set aside.); *In re: Advent Corp.*, 24 B.R. 612 (Bankr. 1st Cir.1982); *Anglemyer v. United States*, 115 B.R. 510 (D.Md.1990) (Actions in violation of automatic stay are null and void ab initio with no validity for any purpose.); *In the Matter of Spencer*, 115 B.R. 471 (D.Del.1990); *In re Randall Enter., Inc.*, 115 B.R. 292 (D.Colo.1990); *In re Rose*, 113 B.R. 534 (W.D.Mo.1990); *In re Burns*, 112 B.R. 763 (E.D.Va.1990); *In re Martinez*, 112 B.R. 46 (M.D.Ga.1990); *In re CNN Dev. Corp.*, 112 B.R. 1 (D.R.I.1990); *In re Adams*, 106 B.R. 811 (D.N.J. 1989); *In re United Church of the Ministers of God*, 74 B.R. 271 (E.D.Pa.1987) (Automatic stay renders void any proceedings which take place, even innocently, in contravention to it.); *In re LaTempa*, 58 B.R. 538 (W.D.Va.1986); *In the*

*Matter of Baldwin–United Corp.*, 52 B.R. 541 (S.D. Ohio 1985) (Action filed in violation of automatic stay treated as though it were never commenced.); *In the Matter of: Joyce Johnson*, 16 B.R. 193 (M.D.Fla.1981) (Violation of automatic stay is legal nullity with no force or effect.); *In re Young*, 14 B.R. 809 (N.D.Ill.1981); *In re Joe DeLisi Fruit Co.*, 11 B.R. 694 (3rd Div.Minn.1981); *Nautical Landings Marina, Inc. v. First Nat'l Bank*, 791 S.W.2d 293, 296 (Tex.Ct. App.1990), *writ of error denied*; *Franklin Bank & Trust Co. v. Mithoefer*, 552 N.E.2d 39, 42 (Ind.Ct.App.1990), *aff'd*, 563 N.E.2d 551 (Ind. 1990); 2 *Collier on Bankruptcy* para. 362.03 (15th Ed.1991).
While recognizing the general rule that acts taken in violation of an automatic stay are void, other courts have not found every violation absolutely void. *In re Calder*, 907 F.2d 953, 956 (10th Cir.1990) (Rule that actions taken in violation of automatic stay are void and without effect will not be recognized if bankrupt's unreasonable behavior contributed to creditor's plight.); *Matter of Matthews*, 739 F.2d 249, 251 (7th Cir.1984) (Rule that orders issued in violation of automatic stay are ordinarily void will be relaxed when inequity would be done to a party by voidance.); *In re Bayless Markets, Inc.*, 108 B.R. 721 (D.Ariz.1989) (While recognizing that complaints filed in violation of an automatic stay are voidable, avoided complaints filed by party who had knowledge of the bankruptcy filing.); *Audio Data Corp. v. Monus*, 789 S.W.2d 281, 285 (Tex.Ct.App.1990) (Default judgment entered against debtor while stay was in effect was voidable. Default judgment found inoperative against debtor.); *Philippe v. Anderson*, 227 N.J.Super. 251, 546 A.2d 582, 583–84 (1988) (Equitable considerations erased protections of automatic stay.).
Others have refused to recognize the operation of the stay when the size of the estate would be increased by allowing judicial proceedings to stand. *Southern Bank & Trust Co. v. Harley*, 295 S.C. 423, 368 S.E.2d 908–09 (1988).

from creditors, allowing a fresh economic start and to provide some measure of creditor protection.[21] Recognition that judicial proceedings prosecuted in violation of an automatic stay are a nullity ensures that these goals are met.[22] Section 362's stay provision is equally applicable to proceedings commenced or continued in the trial court and to appeals.[23] Post-petition proceedings are a nullity [24] whether instituted by the creditor or the debtor.[25] They are not cured by a subsequent termination of the stay.[26] Once the stay issued, the trial court was without authority to proceed.[27] All judicial proceedings undertaken after Morrison filed for bankruptcy and the automatic stay issued are ineffectual. Morri-

son's appeal from the trial court's denial of his motion to vacate the default judgment, instituted after he filed a voluntary petition in bankruptcy,[28] does not bar an appeal by the trustee in bankruptcy or Morrison's insurer.

## III

UNDER THE FACTS PRESENTED, A DEFAULT JUDGMENT ENTERED WITHOUT NOTICE TO THE DEFAULTING PARTY IS INVALID IF A RESPONSIVE PLEADING APPEARS IN THE RECORD.

■ Spears and American Casualty assert that entrance of a default judgment

The minority finds actions taken in violation of an automatic stay not void, but rather merely voidable. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990); *In the Matter of Germer*, 107 B.R. 217 (D.Neb.1989).

21. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, see note 16, supra; [1978] U.S. Code Cong. & Ad. News see note 16, supra; Note, "Protection for Creditors in Bankruptcy: Oklahoma's Unique Approach to Oil & Gas Leases," 24 Tulsa L.J. 643, 647-48 (1989).

22. Under appropriate circumstances a creditor may invoke the bankruptcy court's power to modify or lift the automatic stay to allow a suit's continuation. *Culie v. Arnett*, see note 19 at 1207-08. 11 U.S.C. § 362(d) (1978) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
  (2) with respect to a stay of an act against property, if—
  (A) the debtor does not have an equity in such property; and
  (B) such property is not necessary to an effective reorganization."
Section 362 was amended effective November 5, 1990. The quoted provision remains unchanged.

23. *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310-11 (11th Cir.1983); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, see note 16 at 449, supra.

24. *Globe Constr. Co. v. Oklahoma City Housing Auth.*, see note 20 at 1144, supra (Judgments entered against general contractor after institution of bankruptcy proceedings by general con-

tractor vacated and set aside.); In re *Rose*, see note 20, supra (Bankruptcy trustee could avoid post-petition transfer of estate property when transfer of the property violated automatic stay); *In re United Church of the Ministers of God*, see note 20, supra (The automatic stay is all-powerful and exempt from compromise—its impact is to render void any proceedings which take place, even innocently, in contravention to it.); *In re Raymond Constr. Co.*, 6 B.R. 793 (M.D.Fla.1980) (Judgment entered after bankruptcy filed invalid against estate—dismissal not binding against trustee in bankruptcy.).

25. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, see note 16, supra; In re: *Critical Fork Coal Corp.*, 18 B.R. 422 (W.D.Va.1982).

26. *Ellis v. Consolidated Diesel Elec. Corp.*, see note 20 at 373, supra (Stay makes court's action void; lifting of stay does not change the character of that action. Lifting of stay will validate only later judicial proceedings, not prior ones.); *In re Randall Enter., Inc.*, see note 20, supra (Actions undertaken prior to party's obtaining relief from stay are invalid, void and of no force and effect, and are not cured or validated by subsequently obtaining relief from stay.); *Nautical Landings Marina, Inc. v. First Nat'l Bank*, see note 20, supra (Subsequent termination of stay did not have the effect of automatically validating the filing of an appeal bond).

27. *Ellis v. Consolidated Diesel Elec. Corp.*, see note 20, supra; *Fields v. Demint*, 107 B.R. 194 (W.Mo.1989); *In re Grover*, 7 B.R. 133 (D.Colo. 1980).

28. The record does not indicate whether the trial court was advised that Morrison had filed a petition in bankruptcy. However, automatic stays are operative even without notice. *In re Martinez*, see note 20, supra; *In re Adams*, see note 20, supra; 2 *Collier on Bankruptcy*, see note 20, supra.

without notice to either Morrison or his counsel after an answer had been filed renders the judgment inoperative. Bailey contends that no responsive pleading was on file when the default judgment was rendered. He bases this argument on the effect of the order nunc pro tunc issued in the Campbell litigation. He argues that although the manual filing was never accomplished, the order was effective to eliminate any requirement for notice and a hearing on the motion for default judgment.

Rule 10[29] of the District Courts and Rule 37[30] of the Seventh Judicial District require notice to a party who has appeared or filed a motion or pleading as a condition precedent to the granting of a default judgment. Relying on Rule 10 in *Bovasso v. Sample,* 649 P.2d 521, 523 (Okla.1982), we determined that notice was not a prerequisite to entrance of a default judgment in an action where no appearance had been entered and no pleadings had been filed. In *Capitol Fed. Savings Bank v. Bewley,* 795 P.2d 1051, 1054 (Okla.1990), a default judgment was entered against a party personally served with summons and petition but who did not enter an appearance in foreclosure proceedings. We held that the deficiency judgment entered by default in a mortgage foreclosure proceeding violated the mortgagor's due process rights and was void on its face for lack of notice. In *Swanson v. Gick,* 805 P.2d 662, 665 (Okla.1991), we found that a local court rule requiring only publication notice did not comply with due process with respect to cases where the name and address of the plaintiff or the plaintiff's attorney was easily obtainable.

Notice is a jurisdictional requirement and a fundamental element of due process. Due process requires adequate notice, a realistic opportunity to appear and the right to participate in a meaningful manner. The right to be heard is of little value unless a party is apprised of rights which may be affected by judicial process. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action.[31] Lack of notice constitutes a jurisdictional infirmity.[32] The effect of the order nunc pro tunc is immaterial where, as here, failure to follow its mandate left of record in the instant cause a responsive pleading.[33] When the name and address of a party or attorney is readily available, notice is a prerequisite to valid proceedings.[34] When,

---

**29.** Rule 10, Rules for the District Courts, 12 O.S.1981 Ch. 2, App. 2, see note 5, supra.

**30.** Rule 37, Seventh Judicial District (1987), see note 6, supra.

**31.** *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313–15, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 872–74 (1949); *Cate v. Archon Oil Co.,* 695 P.2d 1352, 1356 (Okla.1985); *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 718 (Okla. 1968).

**32.** The question of jurisdiction is an issue which is primary and fundamental in each case. This Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants. *Cate v. Archon Oil Co.,* see note 31, supra; *Pointer v. Hill,* 536 P.2d 358, 361 (Okla.1975).

**33.** The answer filed contains both the names of Morrison's business associate, Andrew J. Haswell, and the associate who was directed to file the answer on behalf of Morrison. The answer also contains the attorneys' address and phone number. See, *Thomas v. Williams,* 173 Okla. 601, 49 P.2d 557, 562 (1935) (An answer filed by one defendant but treated by court as having been filed on behalf of both defendants bared entry of default judgment); Annot., "Withdrawal or Vacation of Appearance," 64 A.L.R.2d 1424, 1441 (1959). Here, Morrison believed that an answer had been filed in the instant cause, and the answer did appear of record.

**34.** *Swanson v. Gick,* 805 P.2d 662, 665 (Okla.1991) (Rule 10 of the Rules of the Seventh Judicial District requiring publication notice that case has been placed on annual disposition docket does not comply with due process with respect to cases where name and address of plaintiff or plaintiff's attorney of record is easily obtainable.); *Capitol Fed. Savings Bank v. Bewley,* 795 P.2d 1051, 1054 (Okla.1990) (Deficiency judgment is void on its face for failure to give notice to the defaulting party.); *In the Matter of Pope,* 808 P.2d 640, 643–44 (Okla.1990) (An estate representative must use due diligence to identify the decedent's potential creditors from all available sources at hand. Estate representative who knows of decedent's last-illness hospital stay is put on notice that the health care provider is likely to stand in the status of a

as here, the judgment role fails to disclose that a party was brought into court by process that is constitutionally due, the judgment rendered in the case is void on the face of the record proper.[35] The judgment stands subject to attack, direct or collateral, at any time.[36]

## CONCLUSION

The law does not favor default judgments.[37] Bailey's failure to raise the issue of the trustee in bankruptcy's capacity waived the issue.[38] Because judicial proceedings taken in violation of an automatic stay in bankruptcy are of no effect, Morrison's appeal of the denial of his motion to vacate the default judgment does not bar the instant appeal. Under the facts presented, the default judgment, entered without notice in a cause in which an answer appeared of record, renders the default judgment void on the face of the judgment role.[39]

REVERSED AND REMANDED.

HODGES, V.C.J., LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, C.J., and SIMMS, J., dissent.

## ORDER

The petition for rehearing of plaintiffs/appellees is granted for the limited purpose of modifying the Court's opinion promulgated on July 2, 1991 in the following particulars: *

1. By changing the language between footnote numbers 24 and 25 in the body of the opinion found on page 14 of the opinion to read as follows: when, as here, the underlying proceeding at its inception was one against the debtor.

2. By deleting from footnote 25 of the opinion found on page 14 of the opinion the case citation of: *In re: Critical Fork Coal Corp.,* 18 Bankr. 422 (W.D.Va.1982).

3. By deleting the semi-colon after the word supra in footnote 25 and replacing the semi-colon with a period.

4. By adding the following to the end of footnote 25: In *Association of St. Croix Condominium Owners* the court said in regard to appeals where the proceedings were originally brought against the debtor:

In our view, section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs. (emphasis in original)

*Id.* at 449. In the present case the underlying proceeding was *originally brought* against Morrison, the debtor, and in our view the effectiveness of the stay should not change merely because he is the one who filed pleadings to vacate the default judgment and appealed from denial of its

creditor of the decedent's estate.); *Cate v. Archon Oil Co.,* see note 31, supra (Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action. Lack of notice constitutes a jurisdictional infirmity.).

**35.** *Capitol Fed. Savings Bank v. Bewley,* see note 34, supra. See also, *Magnolia Petroleum Co v. Young,* 264 P.2d 757, 762 (Okla.1953).

**36.** *Farmer's Union Co–Operative Royalty Co. v. Woodward,* 515 P.2d 1381, 1384 (Okla.1973); Title 12 O.S.Supp.1981 § 1038, see note 4, supra.

**37.** *Girkin v. Cook,* 518 P.2d 45, 49, 78 A.L.R.3d 142, 148 (Okla.1973); *Singleton v. LePak,* 425

P.2d 974, 977 (Okla.1967); *Cox v. Williams,* 275 P.2d 248–49 (Okla.1954).

**38.** *Roger Givens, Inc. v. Mustex, Inc.,* see note 9, supra; *Bryan v. Hough,* see note 9, supra; *Gibbons v. Foster,* see note 9, supra.

**39.** Because the judgment was void for lack of the jurisdictionally required notice, we need not address Bailey's assertion that the petitions and motions to vacate default judgment were insufficient because they were not verified by affidavit. No evidence is required to establish the invalidity of a judgment void on its face. *Capitol Fed. Savings Bank v. Bewley,* see note 34, supra.

* Editor's note: These changes were incorporated in the text of the opinion.

vacation. For all practical purposes Morrison was in a defensive posture when this case was brought *and* at all other pertinent stages of the litigation. We need not and do not decide in this case the applicability of the stay provision where the underlying proceeding was brought by the debtor.

5. The word, bared, found in the fourth line from the bottom of footnote 33 on page 16 of the opinion is changed to read, barred.

In all other respects the petition for rehearing is denied.

HODGES, V.C.J., and LAVENDER, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., and SIMMS, J., concur in part and dissent in part.